## EZEKIEL W. PIKE *vs.* MARY F. STEPHENSON.

A devise recited that the testator gave to his daughter, (who, with her children, survived him,) land for her life, "and, in the event of her decease, I do then give the same in equal shares to her children and their heirs and assigns." *Held*, that the devise over gave to her children vested remainders in fee simple.

PETITION FOR PARTITION of a house and land on Myrtle Street in Boston, formerly owned by Daniel Gregg, whose will, besides other devises and bequests not material to be quoted, contained the following:

" Fourth. I give, devise and bequeath unto my daughter, Mary N. Pike, the use and improvement of my house on Myrtle Street in the city of Boston, and the lands, outbuildings and appurtenances connected therewith, to hold during her natural life; and in the event of her decease, I do then give, devise and bequeath the same in equal shares to the children of said Mary N. Pike, and the children of any deceased child of said Mary N. Pike, who shall take the parent's share by representation, to hold to them and their heirs and assigns forever."

" Ninth. I give, devise and bequeath unto my said daughter Mary N. Pike, if she shall be living at the time of my decease, all the rest and residue of my estate, both real and personal, to hold the same to her, her heirs, executors and administrators; but in case she shall die before me, then I give, devise and bequeath the same to the children of said Mary N. Pike, who shall then be living, and to the child or children of any deceased child of said Mary N. Pike, who shall take by representation the shares of their respective parents."

Mary N. Pike, the testator's daughter, and her husband, the petitioner, had two children living at the date of the will and of the testator's death, namely, Daniel G. Pike, (who died, of age, unmarried, and without having made any conveyance of the premises,) and the respondent. Mary N. Pike survived her son, and died before this petition was filed. The petitioner contended that the interest of his children under the fourth clause of the will vested immediately upon the death of the testator, and claimed one undivided half of the house and land in Myrtle Street by inheritance from his son. The respondent contended that the remainder was contingent until Mrs. Pike's death, and then went to the respondent as her sole surviving child. The parties submitted the case above stated to the judgment of the court.

*J. A. Loring*, for the petitioner.

*T. H. Sweetser*, for the respondent.

GRAY, J. The ordinary presumption is, that all devises and bequests vest upon the death of the testator; and there is nothing in the provisions of this will to control that presumption.

The devise, in the fourth article of the will, of the use and

improvement of the land in question to Mrs. Pike was a **devise** of the estate to her for life ; and the devise over to her children and to the children of any deceased child by right of representa-- tion, gave the children of Mrs. Pike, living at the death of the testator, vested remainders in fee.   The devise over is not re- stricted to such of her children or grandchildren only as may survive her, but is to all her children and the children of any deceased child.   The words, " in the event of her decease, I do then give," do not express a contingency which may or may not happen, but an event which is sure to arrive, sooner or later; and define, not the time when the remaindermen are to be ascertained, or when their titles are to begin, but when they are to receive the possession, use and enjoyment of their shares. *Brown* v. *Lawrence*, 3 Cush. 390.   *Wight* v. *Shaw*, 5 Cush. 56. *White* v. *Curtis*, 12 Gray, 54.   *Womrath* v. *McCormick*, 51 Penn. State, 504.   *Doe* v. *Considine*, 6 Wallace, 458.

The language of the ninth article of the will tends rather to confirm than to weaken this conclusion.   That article contains a residuary devise and bequest to Mrs. Pike in fee ; but in case she shall die before the testator, then, instead thereof, a like devise and bequest is made to her children " who shall then be living," and the children of any deceased child.   The words " who shall then be living " in this article, refer to the time of the testator's death, and their insertion here gives to the omission of any like words in restriction of the remainder clause in the **fourth** article the marks of deliberate intention.

*Judgment for the petitioner.*