CHARLES K. DARLING *vs.* LYDIA BLANCHARD & others.

A testator, by a will purporting to dispose of his whole estate, gave a fifth thereof in trust to pay the income to his daughter during her life, and on her death "to convey the said fifth part to her children, share and share alike, and if any of them at that time be dead and leave issue, the issue shall be entitled to have the parent's share only." *Held*, that the daughter's children took a vested remainder.

BILL IN EQUITY, filed December 30, 1870, by the trustee under the will of Benjamin Binney, against Lydia Blanchard, Jane Binney, Benjamin Binney and Matthew Binney, children of the testator, and against the devisees and legatees under the will of Mary P. Learned, his deceased daughter, praying for instructions. The case was reserved on bill and answers, by *Wells*, J., for the determination of the full court; and the facts appeared thereby as follows:

The testator made a will containing eight clauses. By the first he ordered his debts to be paid; by the second he gave all his property to his wife for her life; and by the third, fourth, fifth, and sixth he gave one fifth of his estate after the death of his wife to each of his children Lydia, Jane, Benjamin and Matthew. The seventh clause was as follows: " I give and devise the remaining fifth part of my real and personal estate unto my son Matthew, to hold and possess the same from and after the death of his mother, to him and his heirs in trust, to take, collect and receive the income and profits thereof during the life of his sister

Mary, and pay and apply the same from time to time toward her comfortable support, but in no event to be subject to the debts or control of any husband she may have; and at and upon the decease of my said daughter Mary to convey the said fifth part to her children, share and share alike; and if any of them at that time be dead and leave issue, the issue shall be entitled to have the parent's share only. Furthermore, I intend and direct that this will shall pass all the estate, real and personal, which I shall possess or be entitled to at my decease, whether I now own or shall hereafter acquire the same." By the eighth clause he made his son Matthew executor of the will.

Matthew Binney resigned as trustee, and the plaintiff was appointed in his stead. Mary died in September 1870, having had two children, who were both alive at the death of the testator, but who both died before their mother, without issue, leaving her their sole heir at law. Mary left a will leaving her property to sundry persons, who were all made defendants. All the property held in trust for her during her life was and is real estate.

*S. W. Creech,* for Lydia Blanchard, Jane Binney, Benjamin Binney and Matthew Binney, contended that the remainder to the children of Mary was contingent, and on her death the estate descended to the heirs of the testator as undevised realty.

*A. Russ,* for the devisees and legatees under the will of Mary P. Learned, contended that the remainder was vested in her children and on their death descended to her as their heir.

MORTON, J. Benjamin Binney by the seventh clause of his will gave and devised one fifth of his real and personal estate to his son Matthew, in trust to pay the income to his daughter Mary during her life, and at and upon her decease " to convey the said fifth part to her children, share and share alike ; and if any of them at that time be dead and leave issue, the issue shall be entitled to have the parent's share only." Upon established rules of construction and upon the authorities, we are of opinion that the children of Mary took a vested remainder on the decease of the testator. It is a settled rule that a remainder will not be construed to be contingent, which may, consistently with the intention of the testator, be deemed vested. *Blanchard* v. *Blan-*

*chard,* 1 Allen, 223. *Pike* v. *Stephenson,* 99 Mass. 188. We find nothing in this will which shows an intention of the testator to postpone the vesting of the estates in the children of Mary until the death of their mother. The devise over is to all her children, and not to such as may be living at her decease. Nothing but the death of the children will prevent the remainder from vesting in possession. The direction that the trustee at the death of Mary is "to convey the said fifth part to her children" is entirely consistent with an intention to postpone the possession merely and not the vesting. It is a natural expression to use, when the remainder vested immediately, but the legal title is in a trustee until the period to which the possession is postponed. The other portions of the will confirm this view. It is clear from the whole will that it was the intention of the testator to divide his property equally between his five children; and at the close of the seventh clause is this provision: "Furthermore, I intend and direct that this will shall pass all the estate, real and personal, which I shall possess or be entitled to at my decease, whether I now own or shall hereafter acquire the same." The construction of the will claimed by the heirs at law would defeat the clear intention of the testator. *White* v. *Curtis,* 12 Gray, 54. *Pike* v. *Stephenson* and *Blanchard* v. *Blanchard, ubi supra,* and cases cited. We are of opinion therefore that the remainder vested in the two children of Mary at the death of the testator, and as they both died unmarried and without issue, it descended to her and she could dispose of it by will; and that the trustee should convey the estate in his hands to the persons entitled to it under the will of said Mary. *Decree accordingly.*