WILLIAM S. MILLER, executor, *vs.* IDAHO INDUSTRIAL INSTITUTE & others.

Worcester. October 4, 1915. — November 22, 1915.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy.*

A testatrix, who was an unmarried woman, whose only heirs at law were a brother and a half sister, and who was uninstructed as to the meaning of technical terms, drew her own will. She left $5,000 and certain silverware and furniture to her "dear brother" and to her half sister a certain silver spoon and "ten dollars as a token of remembrance." She left legacies in money to her nine cousins and made bequests to sixteen of her friends. She then made bequests to charitable and religious organizations amounting to $10,200. Then came the following residuary clause: "I give the remainder of my estate, both real and personal, (save what is mentioned in a memoranda for my executors) in trust to my executors, to be disposed of for the benefit of the estate. If this should amount to four thousand five hundred dollars ($4500.00) I give and bequeath one-half of this sum to the 'Idaho Industrial Institute' Weiser, Idaho. The remaining half shall be divided between the 'Young Women's Christian Association' of Worcester, Mass., The 'City Missionary Society' of Worcester, Mass., and the Woman's Seaman's Friend Society of Boston, Mass., share and share alike." The residue of the estate of the testatrix ex-

ceeded $4,500 by a substantial amount, and the heirs at law claimed the excess. *Held,* that the will taken as a whole showed an intention of the testatrix to dispose of her entire property, that, in spite of inaccuracies of language, she did not mean to limit the distribution under the clause quoted to the sum of $4,500, and that the excess over that amount should be included in the sum distributed.

DE COURCY, J.  The surviving executor of the will of the late Harriet E. Miller brings this bill for instructions as to the construction of the two following clauses in her will.

"I give the remainder of my estate, both real and personal, (save what is mentioned in a memoranda for my executors) in trust to my executors, to be disposed of for the benefit of the estate.

"If this should amount to four thousand five hundred dollars ($4500.00) I give and bequeath one-half of this sum to the 'Idaho Industrial Institute,' Weiser, Idaho.  The remaining half shall be divided between the 'Young Women's Christian Association' of Worcester, Mass., The 'City Missionary Society' of Worcester, Mass., and the Woman's Seaman's Friend Society of Boston, Mass., share and share alike."

The residue exceeds $4,500, apparently by a substantial amount. That the beneficiaries named in the residuary clause are entitled to at least $4,500 seems too clear for argument.  The real question involved is whether they are entitled to the entire residue, or whether all in excess of $4,500 should go to the heirs at law as intestate property.

The uncertainty and ambiguity of the language used by the testatrix in the second clause quoted makes it especially necessary, in order to ascertain the intention of the testatrix, to consider the entire will and the circumstances under which it was made. It is not in dispute that Harriet E. Miller was an unmarried woman.  Her only heirs at law were a brother, William Snow Miller, and a half sister, Frances B. (Miller) Brown.  The relations existing between the testatrix and these heirs is not stated expressly, but it seems apparent from the marked difference in the bequests to them that she did not hold them in equal regard.  The amount and nature of her property does not appear, except so far as it may be inferred from the amount of the legacies. It is not in dispute that she herself wrote the will, and it is evident that she was not instructed in the meaning of technical terms.

The will first provides for her burial and the payment of her

debts.  Next comes the provision for her heirs, $5,000 and certain silverware and furniture to her "dear brother," and to her half sister a certain silver spoon, and "ten dollars as a token of remembrance."  Next her nine cousins are remembered by money legacies.  Then bequests are made to sixteen of her friends, with words of kindly remembrance.  Having made such provision as she desired for heirs, relatives and friends, she takes up, with the same systematic thoroughness, the religious and charitable organizations whose activities she desires to promote. To eight of these she makes gifts aggregating $10,200; and to the Library in Shrewsbury she gives her cabinet of minerals. Then follow the clauses in controversy, the appointment of executors and the *in testimonium* clause.

A perusal of the instrument as a whole induces a conviction that the testatrix had in view the disposition of her entire property, and also that after making such provisions as she desired for her heirs, cousins and friends, she purposed to devote the rest, and larger part, of her estate to charities.  Further it is utterly inconsistent with the whole tenor of her systematic and detailed will to infer that after providing for her brother and half sister by the express legacies in their favor, and making the marked discrimination between them already mentioned, she intended that the residue should go to them as intestate property and in equal shares, without even mentioning them.  It is true that she omitted to provide for a partial intestacy in the possible event of the residue falling short of the $4,500, but this well may have been because she felt convinced that there would be ample funds and that such a provision was unnecessary.  And while the words "one-half of this sum" in the second clause in question, if considered apart from the context, might be interpreted as referring to the $4,500 only, it seems to us, in the light of the entire will, that she was then dealing with the whole residue, as manifestly she was in the words "if this should amount to" at the beginning of the same sentence.  The language she used was inaccurate, but the same is true of the next preceding clause, in which she gives the remainder "in trust to my executors, to be disposed of for the benefit of the estate."  Plainly the gifts were not given "in trust," and presumably she meant that the duty would rest upon the executors to convert the remainder of her estate, real

and personal, into money for distribution to the legatees.     See *Lathrop* v. *Merrill*, 207 Mass. 6, 10.

There is much to be said in favor of the construction adopted by the Probate Court. But where the intention of the testatrix is apparent from an examination of the will as a whole, it should not be defeated by the inaccurate use of language, with the legal import of which she was unfamiliar; nor should a construction of partial intestacy be adopted unless the deficiencies in the expression of her intention compel it. See *Boston Safe Deposit & Trust Co.* v. *Coffin*, 152 Mass. 95, 99, 100; *Shattuck* v. *Stickney*, 211 Mass. 327, 333; *Jones* v. *Gane*, 205 Mass. 37, 43.

In the opinion of a majority of the court the decree of the Probate Court must be reversed and the surviving executor instructed to distribute the entire residue of the estate as follows: one half to the Idaho Industrial Institute of Weiser, Idaho, and the remaining half in equal shares to the Young Women's Christian Association of Worcester, the City Missionary Society of Worcester, and the Woman's Seaman's Friend Society of Boston. The allowance of costs and expenses to the several parties who have appeared is to be paid out of the residue of the estate, and will be settled by a single justice.

*Decree accordingly.*

The case was submitted on briefs at the sitting of the court in October, 1915, and afterwards was submitted on briefs to all the justices.

*W. C. Mellish,* for the defendant Idaho Industrial Institute.

*H. S. Haskell & G. A. Humphrey,* for the defendant City Missionary Society of Worcester.

*H. J. Jaquith,* for the defendant Woman's Seaman's Friend Society of Boston.

*J. R. Thayer, A. H. Bullock & J. M. Thayer,* for the defendants William S. Miller and Frances B. Brown, the heirs at law.