EADITH H. HEDGE *vs.* STATE STREET TRUST COMPANY
& another, trustees, & another.

Norfolk.    January 13, 1925. — February 26, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Devise and Legacy,* Presumption against intestacy, Vested, Life estate and vested remainder in same person. *Words,* "Then."

A testatrix, who was survived by her husband, two daughters and a son, by her will gave to one daughter, E, "the use and improvement of my estate at Cohasset . . . during her life, subject, however, to the life interest of my husband . . . . But if it should become necessary or expedient at any time to dispose of said Cohasset Estate, then I direct the proceeds thereof to be divided equally between my three children [naming them]." The husband, and then the daughter other than E, died, she having married and by her will having given her husband her interest in the property in question; then such daughter's husband died and by his will gave the property to the two children of himself and that daughter. E used the estate during her life and died unmarried.

The property then was sold and the question of distribution of the proceeds was submitted to the court.  *Held,* that

(1) The general presumption that, when one makes a will, it is his intention to dispose of all his property and leave no intestate estate, operated;

(2) There was nothing in the will indicating that a contingent remainder was intended, and nothing to indicate the naming of a class where the survivors would inherit;

(3) The word "then" in the will referred merely to the time at which the distribution of the proceeds was to take effect, and not to the time for determining the person in whom the estate was to vest;

(4) A life tenant may also be a remainderman of an estate, after the life estate, and the circumstance that E was the life tenant did not deprive her of the vested remainder;

(5) The testatrix by her will created a vested remainder in each of her children;

(6) Distribution should be made, one third to the son of the testatrix, one third to the estate of E, and one sixth to each of the children of the other daughter.

PETITION, filed in the Probate Court for the county of Norfolk on July 19, 1924, seeking an equal division of the proceeds of the sale of certain real estate of which the petitioner alleged she was a tenant in common.

The petition was heard upon an agreed statement of facts by *McCoole,* J.  Material facts are described in the opinion.  The decree described in the opinion was entered, and Charles H. Heath and trustees under the will of Eadith deC. Heath appealed.

*H. Williams, Jr.,* for the respondent trustees.

*H. D. White,* (*W. H. White* with him,) for the respondent Heath.

*L. M. Lombard,* for the petitioner.

CARROLL, J.  Lucy W. Heath died in February, 1899. She was survived by her husband and three children, Ada, Charles and Eadith.  By her will she left to her daughter Eadith "the use and improvements of my Estate at Cohasset, Massachusetts, during her life, subject, however, to the life interest of my husband, Charles H. Heath.  But if it should become necessary or expedient at any time to dispose of said Cohasset Estate, then I direct the proceeds thereof be divided equally between my three children, Ada, Charles and Eadith."  The will was admitted to probate in March,

1899. The husband of the testatrix died February 16, 1905. Ada married Thomas Doliber, and died January 3, 1910, leaving to her husband all her interest in this property. He died in 1912, by will giving to his surviving children born of the marriage with Ada his interest in the Cohasset real estate devised to him by his wife. The children of Ada and Thomas Doliber are Eadith H. Hedge and Margaret E. Robinson. The daughter of Lucy W. Heath, Eadith Heath, retained the use of the Cohasset estate during her life. She died February 16, 1923, unmarried, leaving a will in which the State Street Trust Company and Harold Williams, Jr., were named as executors and trustees. They have duly qualified as such. Charles Heath (the son of Lucy W. Heath), Eadith H. Hedge and Margaret E. Robinson (daughters of Ada Doliber) are now living. The land has been sold by a commissioner, and the proceeds are held by him, subject to the determination by the court of the rights of the parties therein. In the Probate Court a decree was entered directing that one quarter of the proceeds should be paid to Eadith H. Hedge, one quarter to Margaret E. Robinson, and one half to Charles H. Heath. The trustees under the will of Eadith Heath, and Charles Heath appealed.

The life estate to the husband of Lucy W. Heath, as well as the life estate to her daughter Eadith, have now ended, and the question to be decided is, To whom are the proceeds of the estate to be distributed? The testatrix, Mrs. Heath, intended to dispose of her entire property and not to die intestate. There is a general presumption that when one makes a will, it is his intention to dispose of all his property and leave no intestate estate. A construction of a will, resulting in intestacy is not to be adopted unless plainly required. *Ames* v. *Ames*, 238 Mass. 270, 276. *Bates* v. *Kingsley*, 215 Mass. 62, 63. *Miller* v. *Idaho Industrial Institute*, 222 Mass. 188. *Shattuck* v. *Stickney*, 211 Mass. 327, 333.

As she desired to dispose of her entire estate, the testatrix directed that "if it should become necessary or expedient at any time to dispose of said Cohasset Estate, then I direct the proceeds thereof to be divided equally between my three children, Ada, Charles and Eadith." The law favors the

creation of vested, rather than contingent estates, and those given by will should always be regarded as vesting at once, unless it clearly appears from the language of the will that it was the intention of the testator that the estate should be contingent upon some future event. *Blume* v. *Kimball*, 222 Mass. 412. *Whitman* v. *Huefner*, 221 Mass. 265. *Gibbens* v. *Gibbens*, 140 Mass. 102. *Darling* v. *Blanchard*, 109 Mass. 176, 177. Where the remainder is to the children of the testatrix, as in the case at bar, the presumption that a vested rather than a contingent estate was created is strengthened. *Whitman* v. *Huefner, supra. Mullaney* v. *Monahan*, 232 Mass. 279, 283. There is nothing in the will indicating that a contingent remainder was intended, and nothing to indicate the naming of a class where the survivors would inherit. The testatrix mentioned each of her three children by name, and the property was to be divided equally between Ada, Charles and Eadith. We do not consider *Towne* v. *Weston*, 132 Mass. 513, in conflict with this principle.

The word "then" following the statement "if it should become necessary or expedient at any time to dispose of said Cohasset Estate," refers merely to the time at which the distribution of the proceeds is to take effect, and not to the time for determining the person in whom the estate is to vest. The word "then" is used conjunctively; it means, "in that case or in that event." *Boston Safe Deposit & Trust Co.* v. *Parker*, 197 Mass. 70, 73. *Dove* v. *Torr*, 128 Mass. 38. A life tenant may be a remainderman in an estate, after his life estate, and the circumstance that Eadith was the life tenant does not deprive her of the vested remainder. "There is nothing inconsistent or repugnant in the gift of a life estate with a remainder to a life tenant, even though such remainder can never come into the possession of the remainderman." *Cushman* v. *Arnold*, 185 Mass. 165, 169. *Jewett* v. *Jewett*, 200 Mass. 310, 317. In our opinion, *Bragg* v. *Litchfield*, 212 Mass. 148, *Jones* v. *Gane*, 205 Mass. 37, and similar cases, are not authorities supporting a different conclusion. The testatrix in the case at bar did not make a gift to a surviving spouse with a specific provision made to the donee; she was disposing of her entire estate,

and gave to each of her three children, by name, an equal share in the remainder. She wanted her property to go to her own children. She did not mean to discriminate against Eadith. She intended that she should have a life estate in the Cohasset property and participate in the remainder. Her interest was vested, and whenever the estate was disposed of, whether during her life or after her death, she was entitled, if living, or her estate after her death, to share in the remainder. The testatrix created by her will a vested remainder in each of her three children. It follows that the proceeds of the property should be divided among them.

The decree of the Probate Court is reversed. A decree is to be entered, distributing the proceeds of the property, one third to Charles Heath, one third to the estate of Eadith Heath, and one third to Eadith H. Hedge and Margaret E. Robinson. Costs, as between solicitor and client, and the fees of the commissioner as stated in the decree of the Probate Court, are to be allowed. The disbursements of counsel are also to be allowed in the discretion of the Probate Court.

*Ordered accordingly.*