HARRY G. SLEEPER, executor, *vs.* LUCY A. LARRABEE & others.

Suffolk. November 14, 27, 1928. — February 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Lapsed legacy, Gift to class.

A testatrix by her will placed the residue of her estate in trust, directing that the income thereof, and so much of the principal as was needed, should be used for the care and maintenance of her daughter, and that, at the daughter's death, any unexpended part of either the income or the principal should be given to a certain niece and a certain cousin, "in equal parts, to be equally divided between them." The will contained the further provision: "The omission on my part to devise or bequeathe any part of my estate to any of my relatives other than to . . . [the niece and the cousin] specifically mentioned . . . is purposely made by me." The daughter and the cousin died before the testatrix, the cousin leaving issue. *Held*, that

(1) The provisions of G. L. c. 191, § 22, applied, no different disposition being made or required by the will;

(2) The gift to the niece and the cousin was not a gift to a class so that the niece would take the whole as survivor of the class;

(3) The half of the fund which in the circumstances would have been given to the cousin had she survived the testatrix should be given to her issue.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on June 17, 1926, and afterwards amended, by the executor of the will of Lucy A. Clark, late of Boston, for instructions.

The suit was reserved by *Sanderson,* J., for determination by the full court.

*F. G. Goodale,* for the plaintiff, stated the case.

*C. A. Barnes,* for Grace Willard and another.

*W. I. Badger,* for Thomas Ashley and others.

*N. C. Nash, Jr.,* guardian *ad litem, pro se.*

*C. C. Steadman,* for A. S. Allen, guardian, submitted a brief.

WAIT, J.    Lucy A. Clark by her last will, executed in March, 1915, gave all her property to trustees "To hold safely manage invest and take care of the said rest residue and remainder [after payment of debts and funeral charges], and by suitable payments at suitable times expend the net income thereof for the care and maintenance of my daughter Elizabeth A. Docking . . . " with powers to sell principal if income is insufficient and to apply the proceeds to such maintenance.  The third and fourth paragraphs of the will provide: "Third.  Should there remain any unexpended part of either the income or principle my said bequest to my said daughter at the time of her death, I direct and bequeathe the same to Lucy A. Larrabee, wife of Benjamin F. Larrabee of Boston and Mary Ives Willard, wife of Martin A. Willard of Springfield in said Massachusetts, in equal parts, to be equally divided between them.    Fourth.    The omission on my part to devise or bequeathe any part of my estate to any of my relatives other than to those specifically mentioned, viz: the said Lucy A. Larrabee and Mary Ives Willard is purposely made by me."  Mrs. Larrabee was a niece, daughter of Mrs. Clark's brother Thomas, and Mrs. Willard was

a cousin of the testatrix. Mrs. Docking died before the testatrix, leaving a husband but no issue. Mrs. Willard also predeceased the testatrix, leaving issue, two daughters, Grace Willard and Gertrude Talbot. At the death of Mrs. Clark her heirs at law were four children of a deceased brother, Thomas; the daughter of a deceased sister, Mary; and the daughter of a deceased sister, Susie.

The executor asks to be instructed to whom to make payment. No one disputes Mrs. Larrabee's claim to one half; but the other half is claimed by Grace Willard and Gertrude Talbot, as issue of Mrs. Willard whose legacy they claim by virtue of G. L. c. 191, § 22, did not lapse because she was a relation; by the heirs at law, on the ground of lapse leaving it undisposed of by the will; and by Mrs. Larrabee who contends that the remainder after the life estate was a gift to a class of which she is the survivor.

G. L. c. 191, § 22, provides: "If a devise or legacy is made to a child or other relation of the testator, who dies before the testator, but leaves issue surviving the testator, such issue shall, unless a different disposition is made or required by the will, take the same estate which the person whose issue they are would have taken if he had survived the testator."

It is plain that Grace Willard and Gertrude Talbot take by virtue of this statute unless "a different disposition is made or required by the will." It is contended that the fourth paragraph makes or requires such different disposition because it indicates a purpose that no relative shall take any part of Mrs. Clark's estate except Mrs. Larrabee and Mrs. Willard. We do not so construe the paragraph. It states that the omission to make provision for other relations is intentional. It goes no further. Possibly it was inserted lest the birth of children of Mrs. Docking might create the situation contemplated by G. L. c. 191, § 20, and question might arise whether provision for issue of a child had been omitted by intention and not through accident or mistake. No authority is called to our attention which requires that it be given a different interpretation — in especial, a meaning which would result in a benefit to

other relations deliberately omitted. This disposes of the claims of the heirs at law.

Nor do we think that Mrs. Larrabee's claim can be sustained. She was a niece; Mrs. Willard was a first cousin; they are not named as a class. While they are not conclusive, these facts militate against treating gifts to them as gifts to a class. See *Best* v. *Berry*, 189 Mass. 510.

The interpretation we have given to paragraph four prevents construing it as creating cross remainders between Mrs. Larrabee and Mrs. Willard so that all other relations may be cut out. It follows that, the trust for Mrs. Docking having failed, the executor must be instructed to pay over one half to Mrs. Larrabee, one quarter to Grace Willard and one quarter to Gertrude Talbot.

*So ordered.*