UNION TRUST COMPANY OF SPRINGFIELD, MASSACHUSETTS, executor, *vs.* LOUISA M. BINGHAM & others.

Hampden.   November 6, 1930. — November 25, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Devise and Legacy,* Lapsed legacy, Issue of deceased legatee who is relation of testator.   *Words,* "Relation."

A child of a first cousin of a testator is a "relation" of the testator within the meaning of G. L. c. 191, § 22.

PETITION for instructions, filed in the Probate Court for the county of Hampden on March 12, 1930, by the executor of the will of Anne Sophia Buckland.

The petition was heard by *Denison,* J.   Material facts appearing in the petition and answers and a decree entered by order of the judge are described in the opinion.   The respondent Louisa M. Bingham appealed.

The case was submitted on briefs.

*J. I. Robinson & L. H. Katz,* for the respondent Bingham.

*H. B. Patrick & L. Patrick,* for the respondents Snyder and another.

SANDERSON, J.   Anne Sophia Buckland died on January 4, 1929, leaving a will wherein she provided that the residue of her estate should be converted into cash by the executor and divided into seventeen equal parts, one of which is given in the following language: "(f)

one share to said HARRIET AVERY PEABODY." This lega-
tee, who was the daughter of a first cousin of the testa-
trix, died on September 20, 1928, leaving two children
who are respondents. The respondent Louisa M. Bing-
ham is a first cousin and sole heir and next of kin of
the testatrix.

G. L. c. 191, § 22 provides: "If a devise or legacy is
made to a child or other relation of the testator, who dies
before the testator, but leaves issue surviving the tes-
tator, such issue shall, unless a different disposition is
made or required by the will, take the same estate which
the person whose issue they are would have taken if he
had survived the testator." The decree of the Probate
Court ordered the seventeenth part of the residue to be
distributed to the two children of Harriet Avery Peabody,
and the only question for decision is whether she was a
"relation" within the meaning of the statute. The term
"relation" includes only relations by blood. *Esty* v.
*Clark,* 101 Mass. 36, 39. *Kimball* v. *Story,* 108 Mass.
382, 385. This court has held that a first cousin is a
"relation" within the meaning of the statute. *Howland*
v. *Slade,* 155 Mass. 415. *Sleeper* v. *Larrabee,* 266 Mass.
320, 322. There is nothing in the language of the statute
or, so far as we perceive, in the policy of the law to jus-
tify the conclusion that a child of a first cousin does not
come within the terms of the statute. In *Galloupe* v.
*Blake,* 248 Mass. 196, 200, the court said: "Under this
statute legacies to cousins are legacies to relatives within
its terms." See *Lewis* v. *Corbin,* 195 Mass. 520, 523. It
could hardly be contended that a child of a first cousin
would not inherit intestate property if he was the nearest
blood relation of the deceased. See *Swasey* v. *Jaques,*
144 Mass. 135, 138; *Kelley's Case,* 222 Mass. 538, 541.
There is nothing to indicate that a different disposition
from that ordered by the decree is made or required by
the will.

*Decree affirmed.*