OLD COLONY TRUST COMPANY, trustee, *vs.* MARY S. BROWN
& others.

Worcester.  May 17, 1934. — June 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy*, Remainder, Time of vesting, Gift to class.

A testator by a codicil to his will made a gift in trust to pay the income
to a woman and at her death to divide the principal equally among her
children by a named husband; "And if there are no such children, at
her decease, this portion of my property shall" be paid over to others.
At the time when the codicil was made and at the testator's death
there were living two such children.  One of them predeceased, and
the other survived, the woman, who died many years after the tes-
tator.  Upon a petition by the trustee for instructions as to the dis-
tribution of the principal, the surviving child claimed the entire prin-
cipal on the theory that the remainder interest did not vest until the
death of the woman.  *Held*, that
   (1) The direction in the codicil to divide the principal at the death
of the woman was to be construed as fixing the time of distribution
rather than the time of vesting of the remainder interest;
   (2) If the words, "at her decease," were read with the following words
as fixing the time for distribution of the principal over to others in
the event that there should be no "such children" of the woman
living in whom the remainder interest could vest at the death of the
testator, the phrase merely provided an alternative remainder interest
which never became operative, and had no effect upon the construction
of the provisions respecting the remainder interest which did take effect;
   (3) If the words, "at her decease," were read with the preceding
words, the remainder interest would have vested at the testator's death
in the woman's children by the husband named, subject to being di-
vested by conditional limitation unless some such child should survive
the woman;
   (4) The remainder interest vested at the testator's death in the
woman's children by the husband named, however such phrase be
construed;
   (5) The principal should be distributed equally between the woman's
child who survived her and the personal representative of her child
who predeceased her.

PETITION for instructions, filed in the Probate Court for
the county of Worcester on January 16, 1934, by the trustee
under the will of Joseph Sargent, late of Worcester.

The petition was heard by *F. H. Chamberlain*, J. Material facts and a decree entered by order of the judge are described in the opinion. Mary S. Brown appealed.

*H. L. Burnham*, stated the case.

*E. R. Sparrow*, for the respondents Mildred P. Wark and another.

*E. Brown*, for the respondent Mary S. Brown.

Lummus, J. Joseph Sargent, late of Worcester, died October 13, 1888, aged seventy-two, leaving four children. His will as originally drawn gave his son Henry $10,000; but as Henry was somewhat estranged from his wife Lydia, though living with her, a codicil made in 1887 revoked that legacy and provided further: "I direct my Executors, before named, to pay over the said ten thousand dollars . . . to my son Joseph Sargent Jr. as Trustee for Lydia Sargent, wife of my son Henry Sargent. . . . And I direct the said Trustee, and his successors, if any, to pay over the income of said ten thousand dollars . . . to the said Lydia Sargent in semiannual payments, and at her decease to divide the said sum . . . , with any increment thereof, equally among the children of the said Lydia by my son Henry. And if there are no such children, at her decease, this portion of my property shall revert to my other children equally or to their representatives." The Old Colony Trust Company is now the trustee.

Lydia Sargent died May 30, 1933. Her children by Henry Sargent were Mary S. Brown, born in 1885, and Henry Sargent, junior, born in 1887, both of whom were living when the testator made his codicil and when he died. Mary S. Brown still lives, and claims the entire trust fund, to the exclusion of Mildred P. Wark, formerly Mildred P. Sargent, the widow of Henry Sargent, junior, who died in 1918, and the sole executrix, devisee and legatee named in his will.

Mary S. Brown contends that the remainder did not vest until the death of the life tenant, and that at that time she was the only member of the class in existence. The widow and executrix of her brother Henry Sargent, junior, contends that the remainder vested at the death of the testator. The probate judge decided in favor of the

latter contention, and divided the fund equally between Mary S. Brown and the executrix of the will of Henry Sargent, junior. Mary S. Brown appealed. Earlier litigation between the parties with respect to property passing under another provision of the will was determined in *Old Colony Trust Co.* v. *Sargent,* 235 Mass. 298.

The words "at her decease," meaning the decease of the life tenant, preceding the direction to divide the fund among the remaindermen, are readily construed as fixing the time of distribution or enjoyment rather than the time of vesting of the remainders. *Wight* v. *Shaw,* 5 Cush. 56, 60. *Darling* v. *Blanchard,* 109 Mass. 176, 178. *Cushman* v. *Arnold,* 185 Mass. 165, 170. *Boston Safe Deposit & Trust Co.* v. *Nevin,* 212 Mass. 232, 237, and cases cited. *Boston Safe Deposit & Trust Co.* v. *Abbott,* 242 Mass. 92. *Richardson* v. *Warfield,* 252 Mass. 518, 521. *Thompson* v. *Clarke,* 264 Mass. 56, 60. *Gilman* v. *Congregational Home Missionary Society,* 276 Mass. 580, 585. Compare *Hale* v. *Hobson,* 167 Mass. 397.

"It is a settled rule of law, that a gift shall not be deemed to be an executory devise if it is capable of taking effect as a remainder; and it is equally well settled, that no remainder will be construed to be contingent which may, consistently with the intention, be deemed vested." *Blanchard* v. *Blanchard,* 1 Allen, 223, 225. This has become a commonplace in the construction of wills. *Welch* v. *Colt,* 228 Mass. 511, 513. *Crowell* v. *Chapman,* 257 Mass. 492, 498. *Boston Safe Deposit & Trust Co.* v. *Stratton,* 259 Mass. 465, 477. *Commissioner of Corporations & Taxation* v. *Alford,* 282 Mass. 113, 117. The leaning toward the early vesting of remainders is especially strong when the remaindermen are children or other descendants of the testator. *Warren* v. *Morris,* 248 Mass. 254, 258, 259. *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 413. *Crapo* v. *Price,* 190 Mass. 317, 320, 321. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 39.

No objection to construing the remainder to the children of Lydia by Henry as vested arises from the fact that there might have been other such children born after the

death of the testator who would doubtless have been equally within the intended bounty of the testator. That consideration leads, not to a construction of the remainder as contingent, but rather to the opening of the remainder, though vested at the death of the testator, in order to admit members of the class born between that time and the time of distribution. *Dingley* v. *Dingley*, 5 Mass. 535, qualified in *Gibbens* v. *Gibbens*, 140 Mass. 102, 105. *Crapo* v. *Price*, 190 Mass. 317, 319. *Minot* v. *Purrington*, 190 Mass. 336, 338. *Richardson* v. *Warfield*, 252 Mass. 518, 522. To construe the remainder as contingent. would prevent the issue of such children of Lydia by Henry as might die before the life tenant from sharing in the estate, and that probably would not accord with the actual intent of the testator.

In *Boston Safe Deposit & Trust Co.* v. *Nevin*, 212 Mass. 232, which resembles the present case, the will gave the residue of the estate for the benefit of the four children of the testatrix in equal shares for their lives, and continued: "upon the decease of any one of them, having children of his or her body such children to take his or her share free and discharged of any trust, but if he or she shall not have any children of his or her body then such share to be added to the share of my surviving children." When the will was made and when the testatrix died, James, one of her children, had a son and a daughter. The daughter died before James, leaving two small children who, with James's son, survived him. It was held that under the remainder to the children of the body of James, his grandchildren could not take as purchasers. (See also *Mullaney* v. *Monahan*, 232 Mass. 279.) But it was held that at the death of the testatrix, the son and daughter of James took "indefeasible vested remainders in fee, remainders which were none the less vested because they might have been opened to let in after-born children," and that the estate of the deceased daughter of James was entitled to half of his share.

Mary S. Brown contends, nevertheless, that an intent to make the remainder contingent upon surviving the life

tenant is shown by the sentence: "And if there are no such children, at her decease, this portion of my property shall revert to my other children equally or to their representatives." The words "at her decease" are enclosed within commas, and may conceivably be read as closely connected with either what precedes or what follows. If these words fix the time for the distribution to the testator's "other children" in the event that there should be no "such children" of Lydia by Henry living in whom the estate could vest at the death of the testator, the sentence merely provides an alternative remainder which never became operative, and has no effect upon the construction of the remainder which did take effect. *Gardiner* v. *Guild,* 106 Mass. 25, 29. If, on the other hand, those words be read with the clause preceding, the remainder would still be vested, though subject to be divested by conditional limitation unless some child of Lydia by Henry should survive the life tenant. *Blanchard* v. *Blanchard,* 1 Allen, 223. *Crapo* v. *Price,* 190 Mass. 317, 319. It is unnecessary to consider which is the proper construction. Upon either, the remainder vested at the death of the testator.

Costs as between solicitor and client are to be in the discretion of the judge of probate. *Boynton* v. *Tarbell,* 272 Mass. 142.

*Decree affirmed.*