MARY M. COTTER & others *vs.* REGINA H. COTTER.

Middlesex. November 12, 1935. — February 25, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Devise and Legacy*, Whether to individuals or class, Vested or contingent, Time of vesting, Remainder.

Under a residuary devise to the testator's wife for life and upon her death "whatever may remain of said . . . property . . . to be divided equally" among four named children, all of whom survived the testator, "the issue of any deceased child to take the parent's share by . . . representation," the remainder was not to those children as a class, but was a devise of one fourth to each child, which vested on the testator's death; and a deed by one of the children, who died without issue before the life tenant, was an effectual conveyance of a one-fourth share.

In the foregoing will, a legacy to another child "in lieu of any share she might receive upon the death of my said wife," did not as a matter of law show an intent of the testator that the four named children should take as a class or that their interests were to be contingent until the death of the wife.

PETITION in equity, filed in the Probate Court for the county of Middlesex on May 9, 1935. The petitioners appealed from a decree entered by order of *Monahan, J.*

*J. A. Daly*, for the petitioners.

*A. L. Taylor*, (*E. C. Parks* with him,) for the respondent.

PIERCE, J. This is a petition in equity by Mary M. Cotter, Thomas E. Cotter and John L. Cotter for the construction of the will of John Cotter, deceased.

On June 5, 1933, John Cotter, late of Cambridge, Middlesex County, died testate and his will was proved and allowed. Said will reads as follows: "KNOW ALL MEN BY THESE PRESENTS that I, John Cotter of Cambridge in the County of Middlesex and Commonwealth of Massa-

chusetts, being of sound and disposing mind and memory do make this my last will and testament hereby revoking all wills and codicils by me at any time heretofore made. After the payment of my just debts and funeral expenses, I give, devise and bequeath my property as follows: — 1. To my daughter Ellen E. Cotter now known as Sister Bertha of the Order of Saint Joseph now residing at Canton, Massachusetts, the sum of Five Hundred Dollars to be used for Masses for the repose of the souls of myself and my wife. 2. All the rest and residue of my estate both real and personal I give to my wife Bridget Cotter to her own use but in trust nevertheless to hold and manage the same and to use the income thereof and so much of the principal as she may deem necessary for her comfortable support and maintenance during her lifetime and I hereby empower my said wife to sell at public or private sale any portion or the whole of this estate, real or personal, and to execute, acknowledge and deliver good and sufficient deeds and other instruments to convey and transfer the same. Upon the death of my said wife whatever may remain of said trust property is to be divided equally between my children Thomas E. Cotter, John L. Cotter, William Francis Cotter and Mary M. Cotter, the issue of any deceased child to take the parent's share by right of representation. 3. The bequest of Five Hundred Dollars to my daughter Ellen E. Cotter to be used for Masses is in lieu of any share she might receive upon the death of my said wife. 4. I nominate my said wife Bridget Cotter executrix of this will and request that she be exempt from furnishing any surety or sureties either as executrix or as trustee hereunder."

Bridget Cotter, the wife of said John Cotter, survived him, as did all the children named in the will. On March 4, 1934, William Francis Cotter, by deed duly recorded, conveyed to his wife, the present respondent Regina H. Cotter, all his right, title and interest in and to the estate of the late John Cotter. William Francis Cotter died on April 14, 1934, leaving no issue. Bridget Cotter, the life tenant of the estate of John Cotter, died on March 24,

1935. His estate was fully administered. All the debts and claims against the estate were paid and the personal property was distributed as directed by said will. John Cotter died seised and possessed of certain real estate in the city of Cambridge. None of this real estate was sold by Bridget Cotter, either under power contained in his will or under any license of the Probate Court.

The question presented is whether the respondent, by the conveyance from her husband, is entitled to any property under the will of John Cotter, or whether the children of the testator who survived the life tenant take all the property under that will. By decree of the Probate Court it was held in substance that William Francis Cotter and each of the children of John Cotter, individually, and not as one of a class, took a vested interest in the residue of his estate, subject to the life estate of said Bridget Cotter, and that the share which so vested in William Francis Cotter is the property of Regina H. Cotter by virtue of his conveyance to her. From this decision the petitioners appealed to this court. No stenographer was appointed to take the testimony, and the judge reported the material facts at the request of the petitioners.

The main question is whether the testator intended to make gifts to each of his children named in the will as. individuals, or whether he intended the property to be divided among such of his children as survived the life tenant and the issue of those children who predeceased the life tenant.

It is a general rule that a gift by will of a fund or residue, in equal shares to named individuals, is a gift to the named persons as tenants in common even though the individuals may also be described as a class or may fall into a class, unless there is a clear expression of a contrary intent in the will. *Boynton* v. *Boynton*, 266 Mass. 454, 460. *Thompson* v. *Martin*, 281 Mass. 41, 45. A different construction may be arrived at where one of the named beneficiaries predeceases the testator and when the opposite construction may result in a lapse and partial intestacy. *Jackson* v. *Roberts*, 14 Gray, 546. *Towne* v. *Weston*, 132 Mass. 513.

Compare *Swallow* v. *Swallow,* 166 Mass. 241; *Smith* v. *Haynes,* 202 Mass. 531, 533; *Clarke* v. *Rathbone,* 221 Mass. 574, 578. See *Williams* v. *Punchard,* 217 Mass. 237, 239; *Boston Safe Deposit & Trust Co.* v. *Reed,* 229 Mass. 267, 270, 271; *Loring* v. *Dexter,* 256 Mass. 273, 278, 280, where the general rule was followed even though the result was that part of the testator's property passed under a residuary clause or under the intestacy laws.

It is settled that remainders under a will should be held to vest immediately upon the death of the testator unless the language of the will postpones such vesting. This is especially so where the gifts are to children of the testator. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 38. *Boston Safe Deposit & Trust Co.* v. *Nevin,* 212 Mass. 232, 237, 238. *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 413. *Old Colony Trust Co.* v. *Brown,* 287 Mass. 177, 179. In the case at bar the language creating remainders postpones the time of distribution or enjoyment to the death of the life tenant, but does not affect the vesting of the interests created so as to prevent transmission of the interests by the remaindermen prior to the death of the life tenant. *Childs* v. *Russell,* 11 Met. 16, 23, 24. *Bryant* v. *Flanders,* 201 Mass. 373, 374, 375. *Welch* v. *Colt,* 228 Mass. 511, 513, 515.

The provision that the issue of deceased children were to take their parent's share does not prevent the vesting of the interests in the children of the testator upon his death. The provision presumably was intended as a safeguard against a lapse which would be created by the death of a named child before the death of the testator — a contingency which is also provided against by statute. *Warren* v. *Morris,* 248 Mass. 254, 258, 259. *Sleeper* v. *Larrabee,* 266 Mass. 320, 322, 323. *Ashley* v. *Lester,* 281 Mass. 261, 262, 263. But compare *Springfield Safe Deposit & Trust Co.* v. *Dunn,* 243 Mass. 7, 9. Even if the testator intended these words to give such issue a greater interest, they can be harmonized with the other parts of the will by a construction that the remainder vested in the children of the testator subject to be divested in the event that such chil-

dren died leaving issue before the date for the distribution. *Blanchard* v. *Blanchard*, 1 Allen, 223, 230. *Crapo* v. *Price*, 190 Mass. 317, 319. *Old Colony Trust Co.* v. *Brown*, 287 Mass. 177, 179, 180. As the contingency did not occur it is unnecessary to decide which is the proper construction. *Old Colony Trust Co.* v. *Brown*, 287 Mass. 177, 181. These words, indicating that issue are to take a parent's share, also have been interpreted as showing the intent of the testator that survivorship was not to obtain among members of a group. *Thompson* v. *Martin*, 281 Mass. 41, 45. It follows, therefore, that upon the death of the testator each of the named children received a vested share which he could transmit by deed or will, or which, in the absence thereof, would pass to his administrator as a part of his estate. *Blanchard* v. *Blanchard*, 1 Allen, 223, 230. *Bryant* v. *Flanders,* 201 Mass. 373, 375. *Hedge* v. *State Street Trust Co.* 251 Mass. 410, 414.

In opposition to the above construction the petitioners argue that the testator showed an intention that his daughter Ellen, who is a nun, should not receive any interest in his property other than the pecuniary legacy of $500 "to be used for Masses for the repose of the souls of myself and my wife"; and that under the above construction she might have received other property of the testator in two ways, "First, by the death without issue of one or more of his children before the testator. . . . Second, by the death of a residuary devisee intestate and without issue and without having disposed of his or her share after the death of the testator, but before that of his wife"; and that "the desire to exclude the nun indicates an unquestionable purpose not to leave anything for the law to divide." It is true that in some cases a strong manifestation of intent by the testator to exclude a person from participation in the estate has been given weight by the court in construing testamentary language. *Jackson* v. *Roberts*, 14 Gray, 546, 552. *Mullaney* v. *Monahan*, 232 Mass. 279, 282, 283. In the case at bar the construction adopted above does not lead to the result that the excluded daughter actually gets any part of the testator's property other than that specifi-

cally bequeathed to her. The possibility that the excluded daughter might share indirectly under the intestacy laws or through the estates of other children of the testator is a contingency not of controlling importance. *Linscott* v. *Trowbridge*, 224 Mass. 108, 111, 112. Compare *Loring* v. *Dexter*, 256 Mass. 273, 280; *Sleeper* v. *Larrabee*, 266 Mass. 320, 322.

It results that under the terms of the will construed in the light of all the circumstances the deceased husband of the respondent received a share which vested in interest upon the death of his father, and which he could and did properly convey to the respondent.

*Decree affirmed.*