BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
ELLA ABBOTT & others.

Middlesex.   March 16, 1922. — June 28, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Devise and Legacy,* Vested.

A testatrix, who died in 1912, by her will provided that if a certain sister should die within the two years allowed for the settlement of the estate, then the residue of the estate should be divided equally between eight named nephews and nieces, the issue of any deceased nephew or niece to take by right of representation. The next clause of the will provided that, if the sister named should survive the two years, the residue should be given to a trustee to hold and "to pay over the net income to my said sister, during the term of her natural life, and upon her decease, to pay over the principal, together with any accrued interest or income, to my said nephews and nieces, share and share alike. And the issue of any deceased nephew or niece shall take by right of representation." The sister survived the two years, dying in 1920. One of the nieces named died intestate two days before the sister. The residue of the property consisted of both real and personal property. *Held,* that

(1) The later clause of the will became operative upon the instant that it was apparent that the residue would not pass under the earlier clause, and the interest of the nephews and nieces became vested in title at once;

(2) The trustee should pay over one eighth of the personal property in the trust to the administrator of the estate of the deceased niece and should convey one eighth of the real estate to her heirs at law.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on February 10, 1921, by the trustee under the will of Ada L. Cook, late of Cambridge, for instructions as described in the opinion.

The petition was heard in the Probate Court by *Leggat,* J., by whose order a decree was entered "that the one-eighth share of the real and personal property constituting the principal of the trust fund at the death of Angelia F. Cook which Emily M. Cook would have received had she survived said Angelia, so far as it consists of personal estate, passes to the defendants, John P. Cook and Robert H. Cook, as they are administrators of the estate of said Emily M. Cook" and that, "so far as said one-eighth interest consists of real estate it passes to said John P. Cook and Robert H. Cook as the only heirs-at-law of said Emily M. Cook." Ardelle Abbott and Ella Abbott, two of the nieces named in the will of Ada L. Cook as described in the opinion, appealed.

*H. J. Winslow,* for the petitioner, stated the case.

*R. P. Dellinger, G. M. Poland & L. P. Jordan,* for the respondents Abbott.

*D. A. Rollins,* for the respondents Cook.

RUGG, C. J. This is a bill in equity by the trustee under the will of Ada L. Cook, who died in 1912, for instructions as to the disposition of the one eighth part of the residuum of the estate, consisting of both real and personal property, to which Emily M. Cook would have been entitled if she had survived the life tenant. It is provided in clause five of the will that, if Angelia F. Cook, sister of the testatrix, should die within the two years allowed for the settlement of the estate, then the residue of the estate shall be divided equally between eight named nephews and nieces, the issue of any deceased nephew or niece to take by right of representation. By clause sixth it is provided that, if the sister shall survive the expiration of the two years, all the residue of the estate is given to a trustee to hold and "to pay over the net income to my said sister, during the term of her natural life, and upon her decease, to pay over the principal, together with any accrued interest or income, to my said nephews and nieces, share and share alike. And the issue of any deceased nephew or niece shall take by right of representation." The

sister survived the two years and died in 1920. Seven of the named nephews and nieces outlived her, but Emily M. Cook, one of the nieces named, predeceased her by two days, intestate, leaving as her only heirs at law and next of kin two brothers, who have been appointed administrators of her estate.

It is plain that, if the estate had passed under the fifth clause of the will, the eight nephews and nieces would have taken directly. Their interests would have been vested and in no sense contingent. The words providing that issue of any deceased nephew or niece shall take by right of representation serve the purpose of making clear the intent of the testatrix. Although expressive of what is now the statutory provision, these words are not superfluous because they have the further effect of guarding against a change of the statutory law in this particular, and also against removal to a domicil in a State where the statutory enactments may be different in this particular. Clause sixth became operative upon the instant when it was apparent that the residue would not pass under clause fifth. There are no words of contingency about this clause. The interest of the nephews and nieces became vested in title at once. Possession only was postponed until the decease of the life tenant. It long has been a rule of construction to treat estates arising under wills as vesting immediately or at the earliest possible moment unless the testamentary words manifest clearly an opposite intent. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 38. In the case at bar the persons who take were named. They all were kindred by blood of the testatrix. The case at bar is in every essential like *Linscott* v. *Trowbridge,* 224 Mass. 108, and is governed thereby. *Cushman* v. *Arnold,* 185 Mass. 165. *Daly* v. *Gaskins,* 240 Mass. 260.

*Decree affirmed.*