LOUISE F. LYONS, trustee, *vs.* MILDRED G. LYONS & others.

Middlesex.     December 9, 1942. — April 1, 1943.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Devise and Legacy,* Vested or contingent, Time of vesting, Remainder.

Under a will establishing a trust and providing that "upon the death of" the testator's wife a certain sum should be paid from the trust fund to a designated daughter and that the rest thereof should go "to all my children . . . absolutely, share and share alike, and the children of any deceased child to take by right of representation," the remainder interests vested in the children at the testator's death, and the share of a daughter who survived the testator and died without children before the wife should be distributed as a part of the daughter's estate.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on September 24, 1941, by the trustee under the will of John J. Lyons.

The case was heard by *Leggat*, J., and a decree was entered that the estate of Mary F. Miley, a daughter of the testator who had survived the testator and had predeceased her mother, "has no interest in" the testator's estate. The administrator of the daughter's estate appealed.

*J. B. O'Hare*, (*W. W. Brooks* with him,) for the respondent Joseph H. Miley, administrator.

*J. J. Mahan*, (*T. F. Collins* with him,) for the respondents Mildred G. Lyons and others.

Qua, J. John J. Lyons, late of Arlington, by his will dated June 18, 1924, left the residue of his estate in trust for the support of his wife and his five children, all of whom survived him, with a provision not now material for the sale of certain real estate to the testator's son. Then follow these paragraphs:

"Upon the death of my wife, I give and bequeath the balance of the trust fund as follows: Twenty thousand dollars of said balance to be paid to my daughter Louise F. Lyons.

"After first paying this twenty thousand dollars as aforesaid, I give and bequeath all the rest, residue and remainder of the trust property to all my children, including said Louise, absolutely, share and share alike, and the children of any deceased child to take by right of representation."

The will was allowed March 19, 1928. The testator's widow died August 3, 1940. One of the testator's daughters died before the widow, leaving surviving her a husband but no children. The question is whether the remainders to the testator's children vested at the testator's death, in which case the share of the daughter who since deceased would go to those entitled to her estate, or were contingent until the death of the widow, in which case nothing passed to the daughter who died before the widow.

We think that the remainders vested at the death of the testator and that, after the payment of the $20,000 to Louise F. Lyons, the share of the deceased daughter is to be distributed as part of her estate. We find nothing in the language of the will that can overcome the preference of the law for vested remainders — a preference that is

especially strong where the remainders are to children of the testator. *Boston Safe Deposit & Trust Co.* v. *Blanchard,* 196 Mass. 35, 39. *Warren* v. *Morris,* 248 Mass. 254, 258, 259. In the gift to the children there are no qualifying "words of contingency," such as "surviving" or "then living," which are commonly used to express the intent that survival shall be a condition of sharing. *Gibbens* v. *Gibbens,* 140 Mass. 102, 106. *Linscott* v. *Trowbridge,* 224 Mass. 108, 111. The words "Upon the death of my wife," like similar words in several other cases herein cited, refer to the time when the gift takes effect in possession and not to the time of vesting. *Old Colony Trust Co.* v. *Brown,* 287 Mass. 177, 179. *Bamford* v. *Hathaway,* 306 Mass. 160, 162. It is well settled that the provision that the children of any deceased child should take by right of representation — a provision which present statutes have rendered less important than formerly — does not make the gift contingent. *Gibbens* v. *Gibbens,* 140 Mass. 102, 105. *Boston Safe Deposit & Trust Co.* v. *Abbott,* 242 Mass. 92. *Cotter* v. *Cotter,* 293 Mass. 500, 503. Also in point in the construction of this will are *Bosworth* v. *Stockbridge,* 189 Mass. 266, *Minot* v. *Purrington,* 190 Mass. 336, *Commissioner of Corporations & Taxation* v. *Alford,* 282 Mass. 113, and *Old Colony Trust Co.* v. *Brown,* 287 Mass. 177, where many of the cases are collected.

The decree is reversed, and a decree is to be entered in accordance with this opinion.

*Ordered accordingly.*