COMMISSIONER OF CORPORATIONS AND TAXATION *vs.*
FREDERICK AYER & another, trustees.

SAME *vs.* THE SECOND NATIONAL BANK OF BOSTON, trustee.

Suffolk.   October 7, 1948. — January 4, 1949.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & WILLIAMS, JJ.

*Taxation,* Income tax.   *Gift.   Words,* "Acquired by gift."

In determining, under § 7 of G. L. (Ter. Ed.) c. 62, for purposes of taxation under § 5 (c) as appearing in St. 1935, c. 481, § 1, gains realized by a trustee of a revocable trust through sales of securities after the settlor had died without having revoked the trust, the beneficiary must be taken to have "acquired" the securities "by gift" on the date

of the settlor's death and the basis of determination was their value on that date, whether the securities were placed in the trust at its creation or were purchased by the trustee thereafter and before the settlor's death.

APPEALS by the Commissioner of Corporations and Taxation from decisions by the Appellate Tax Board.

*R. W. Cutler, Jr.*, Assistant Attorney General, for the Commissioner of Corporations and Taxation.

*E. W. Carr*, for Ayer and another, trustees.

*L. E. Green*, for The Second National Bank of Boston, trustee.

WILKINS, J. In each case a settlor, an inhabitant of this Commonwealth, purchased securities, placed them in a revocable trust, and died without exercising the power of revocation. Thereafter the trustees sold the securities. The question presented is whether, under the Massachusetts income tax statute, the basis of determination of the excess of gains over losses is the value on the date of creation of the trust or the value on the date of death.[1] In each case the commissioner appeals from a decision of the Appellate Tax Board that the basis is the value on the date of death.

The Ayer case concerns a trust created by Charles G. Rice on April 27, 1933, on which date he transferred certain securities to the trustees. The income was to be used for the settlor and his wife. Upon his request the trustees were to pay to him all or any part of the income or principal. The trust, unless sooner revoked by him, was to terminate sixty days after the death of the survivor of the settlor and his wife. He died on July 29, 1943, without exercising the power of revocation. After his death the trustees sold securities, part of which had been transferred to them on April 27, 1933, and part of which had been purchased by them during the settlor's lifetime. The total selling price was $1,234,587.39. The value on the date of death was $1,226,256.64. The cost of the securities sold, either to the settlor or to the trustees, was $1,168,519.10. The value

---

[1] In the Ayer case the trustees purchased additional securities in the settlor's lifetime, as to which there is also the similar question whether the basis of determination is the value on the date of purchase or the value on the date of death.

on the date of the creation of the trust of the securities sold which on that date had been transferred to the trustees plus the cost to the trustees of their own purchases was $805,085.21. In computing gains or losses the trustees took the date of death for the basis of determination. The commissioner determined that the basis should have been the date of the creation of the trust for the securities then transferred to the trustees, and should have been the actual cost for the securities purchased by them. The commissioner assessed an additional tax, which was abated by the Appellate Tax Board.

The second case concerns a trust created on December 22, 1922, by Jacob F. Brown. By its terms the settlor's wife was to receive part or all of the income and principal in the discretion of the trustees. The settlor reserved a right of revocation. On December 22, 1922, he transferred to the trustees one thousand, six hundred shares of the capital stock of Wuskanut Mills, Inc., of the value of $80,000. He died on July 19, 1938, without exercising the power of revocation. The value on the date of death was $176,000. In 1943 the surviving trustee sold the stock for $480,000, and filed an income tax return setting forth a gain of $304,000, being the difference between the value on the date of sale and the value on the date of death. The commissioner ruled that the basis of determination of the gain should have been the value on the date of the establishment of the trust, and assessed an additional tax. The Appellate Tax Board granted an abatement.

The Massachusetts income tax statute, G. L. (Ter. Ed.) c. 62, imposes a tax upon inhabitants of the Commonwealth on the "excess of the gains over the losses received by the taxpayer from purchases or sales of intangible personal property" (§ 5 [c], as appearing in St. 1935, c. 481, § 1). "In determining gains or losses realized from the sale of capital assets, the basis of determination . . . shall be . . . the cost thereof. If the property . . . was acquired by gift, the basis of determination of the gain or loss shall be the value on the date when it was so acquired" (§ 7). This tax is applicable to these trust estates "to the extent that the

persons to whom the income from the trust is payable or for whose benefit it is accumulated are inhabitants of the commonwealth" (§ 10). *Brink* v. *Commissioner of Corporations & Taxation*, 299 Mass. 280, 285.

In *First National Bank* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583, the facts were substantially the same as here except that the securities were sold by the trustee during the settlor's lifetime. The commissioner was upheld in his determination, in accordance with one of his own regulations, that the basis for computing gains was the cost to the settlor and not the value when the securities were received by the trustee. It was said, at page 588: "The trustee is the taxpayer, but the burden of the tax rests upon the beneficiary, see *Maguire* v. *Tax Commissioner*, 230 Mass. 503, 512, and the income which is taxed belongs to him. The gains realized from the sale of securities were not to be paid to the donor while the trust continued, but these gains were to be accumulated and he had the power to revoke the trust and could thus obtain for himself the principal including the accumulated gains. There is no injustice, therefore, in taxing the gains according to the rule of the commissioner. The donor owned the securities. When the securities were sold by the trustee, they were sold for the donor. He should bear the burden of the tax."

The *First National Bank* case is decisive of the cases at bar unless there is a valid distinction in the fact that the settlor was living when the sales were made. The commissioner contends that the distinction is valid; that in that case the taxable event occurred at a time when there was doubt as to whom the event would benefit, whereas in the cases at bar there was no such doubt; and that the trusts here should be treated exactly the same as if they had been irrevocable. He argues: "The gains have accrued to the beneficiaries as a result of an increase in value during the time they were interested in the securities. It is their gain; it should be their tax."

The fallacy of that argument lies in the fact that the statute makes the basis of determination of the gain the date the property was "acquired by gift," not the date

when the beneficiaries became "interested" in the property. Here until the death of the settlors their respective beneficiaries had acquired nothing certain. Until then their ultimate enjoyment of the property was doubtful, and there was no gift. A "gift is not consummate until put beyond recall." *Burnet* v. *Guggenheim,* 288 U. S. 280, 286. See *Corliss* v. *Bowers,* 281 U. S. 376, 378; *Helvering* v. *Hutchings,* 312 U. S. 393, 396. As long as the settlors lived with power to put an end to the respective trusts, they were the ones who had substantial control over the property. That control continued until the time when the power of revocation could no longer be exercised. That time was when the respective settlors died. That was when the respective beneficiaries "acquired" the property "by gift." That fixed the date which the statute makes the basis of determination of the gain.

The case of *National Shawmut Bank* v. *Joy,* 315 Mass. 457, is not applicable to the cases at bar. See page 478 of that opinion. Nothing contrary to the views herein expressed is to be found in *Dexter* v. *Treasurer & Receiver General,* 243 Mass. 523. See *Welch* v. *Commissioner of Corporations & Taxation,* 309 Mass. 293, 299.

In each case abatement is granted in the amount found by the board with costs.

*So ordered.*