In re Robert W. McGUIRE, Debtor.

Donald R. LASSMAN, Chapter 7, Trustee of Robert W. McGuire, Plaintiff,

v.

Robert W. McGUIRE, as he is the Executor of the estate of Margaret Lee McGuire, and Margaret Ellen McGuire–Garcia, Defendant.

Bankruptcy No. 96–11994–JNF.
Adversary No. 96–1698.

United States Bankruptcy Court,
D.   Massachusetts.

June 3, 1997.

Donald Lassman, Mark S. Roder, Kassler & Feuer, P.C., Boston, MA, for Donald Lassman.

William G. Billingham, Marshfield, MA, for Robert McGuire.

Jeffrey M. Frankel, Somerville, MA, for Margaret Ellen McGuire–Garcia.

## MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I.   INTRODUCTION

The matters before the Court are Cross Motions for Summary Judgment with respect to Count I of the Chapter 7 Trustee's Complaint against Robert W. McGuire (the "Debtor") and his sister, Margaret Ellen McGuire–Garcia (the "Defendant"), and the Defendant's Motion for Dismissal of Proceeding.

### II.   PROCEDURAL BACKGROUND

On March 21, 1996, the Debtor filed a voluntary petition under Chapter 7. On December 20, 1996, the Chapter 7 Trustee filed a two-count Complaint against the Debtor and the Defendant seeking: 1) a determination that a codicil to a will executed by the mother of the Debtor and the Defendant (the "Testatrix") "is void as against public policy because it conditionally disinherited the Debtor solely for the purpose of avoiding the provisions of 11 U.S.C. Section 541(a)(5)"

(Count I); and 2) turnover of one-half the proceeds of real and personal property which passed under the estate of the Testatrix to the Defendant, with the exception of certain specific bequests (Count II). On March 4, 1997, the Chapter 7 Trustee filed a Motion for Summary Judgment on Count I. The Debtor and the Defendant both filed oppositions to the Motion for Summary Judgment and Cross Motions for Summary Judgment. The Defendant also filed a Motion for Dismissal of Proceeding on the following grounds: 1) that the Complaint failed to state a cause of action upon which relief may be granted because the Trustee failed to invoke, and cannot properly invoke, any of his avoidance powers; and 2) that the doctrine of res judicata bars the Trustee from pursing his claim, because the Testatrix's will was admitted to probate and the probate proceeding resulted in a judgment on the merits with respect to the propriety of the will, the codicil to the will and the disposition of the property under the will and codicil.

The Court heard the Motions on April 10, 1997. There are no material facts in dispute and all motions are ripe for adjudication.

## III.  FACTS

On July 4, 1996, approximately three months after the Debtor filed his Chapter 7 petition, his father, Robert Williams McGuire, Sr. died. On or about August 8, 1996, Robert Williams McGuire's will was filed with the Commonwealth of Massachusetts Probate & Family Court Department, Bristol Division. His will, which was dated April 12, 1989, provided in relevant part the following:

> I give, devise and bequeath all of my property, real property and mixed . . ., unto my wife Margaret Lee McGuire, if she should survive me for a period of ninety (90) days. If my said wife, Margaret Lee McGuire, should not survive me for a period of ninety (90) days, then I give, devise, bequeath unto my children, Robert Williams McGuire, Jr. and Margaret Ellen McGuire, all the rest and residue of my estate, real, personal and mixed and wherever situated, in equal shares, share and share alike. . . .

Under Robert McGuire, Sr.'s will, the Debtor was a contingent beneficiary, if his mother failed to survive Robert for a period of ninety days.

Margaret Lee McGuire also executed a will on April 12, 1989. It contained a reciprocal provision to the provision in Robert McGuire, Sr.'s will quoted above. On July 23, 1996, after Robert McGuire, Sr. died and after Robert McGuire, Jr. filed the instant bankruptcy case, Margaret Lee McGuire execute a codicil to her will, stating the following:

> Until the date of October 15, 1996, I hereby exclude my son, Robert McGuire from the provisions of this Will and intend by this exclusion that he shall receive nothing from my estate should I decease prior to October 15, 1996. All bequests, devises and legacies to my son, Robert McGuire, are left to my daughter, Margaret Ellen McGuire–Garcia.

> As of October 16, 1996, the provisions of this Codicil are no longer effective.

On August 27, 1996, less than 90 days after Robert McGuire, Sr. died, and within 180 days of the date on which Robert McGuire, Jr. filed his Chapter 7 petition, Margaret Lee McGuire died. Her will and the codicil to it were admitted to probate in the Commonwealth of Massachusetts, Probate & Family Court, Bristol Division. The Trustee was notified of the probate of the will and was provided with copies of all documentation on or around October 17, 1996. Neither the Trustee nor any other party filed a written appearance or an objection to the will in the Probate Court.

In accordance with an Order of Notice dated October 22, 1996, the probate of Margaret Lee McGuire's estate was advertised on November 2, 1996. On December 12, 1996, a decree allowing probate of her will and the codicil entered. According to representations made on the record at the April 10, 1997 hearing, the bulk of Margaret Lee McGuire's estate was comprised of real property that she and her husband had owned as joint tenants with right of survivorship.

## IV.  DISCUSSION

■ Because Margaret Lee McGuire and her husband owned the bulk of their proper-

ty jointly, and that property became Margaret Lee McGuire's sole property upon her husband's death, without regard to the provisions of his will, this Court does not need to confront an issue as to whether she in fact took under her husband's will because she failed to survive him by 90 days. Accordingly, the parties correctly note that the effect of the codicil is the paramount issue in this case because of the provisions of 11 U.S.C. § 541(a)(5). That section provides the following:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: ...

(5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(a) by bequest, devise, or inheritance....

11 U.S.C. § 541(a)(5).

Relying upon the Supremacy Clause and 11 U.S.C. § 105,[1] the Trustee argues that "federal bankruptcy law and federal public policy dictate that the Codicil executed by the Testatrix is null, void and unenforceable as a matter of federal law." He cites a number of cases in which courts have held that debtors cannot disclaim inheritances. See In re Cornell, 95 B.R. 219, 222 (Bankr. W.D.Okla.1989); In re Betz, 84 B.R. 470, 472 (Bankr.N.D.Ohio 1987); In re Watson, 65 B.R. 9, 12 (Bankr.C.D.Ill.1986), as well as Mass. Gen. Laws Ann. ch. 191A, § 8 (West 1990).[2] The Trustee further argues that the Testatrix had no intention of disinheriting

the Debtor because she indicated that the codicil was to be ineffective after October 16, 1996, a date outside the 180–day period covered by 11 U.S.C. § 541(a)(5).

The Debtor and the Defendant respond that the Debtor had no cognizable interest in the Margaret McGuire's property either before or after the execution of the codicil, that the Testatrix was entitled to dispose of her property in any lawful manner that she saw fit, and that the Testatrix had every right to keep her property out of the reach of the Debtor's creditors. The Court agrees.

■ The Court finds that the cases cited by the Trustee with respect to disclaimers are inapposite. Moreover, state law is the starting point for determining 1) whether the Debtor had a property interest in his mother's estate, In re Chappel, 189 B.R. 489, 492 (9th Cir. BAP 1995); and 2) whether, prior to the execution of the codicil, the Debtor had no more than an expectancy and, thereafter, nothing until after October 16, 1996. The Trustee, relying only upon federal "policies," points to no pertinent provisions of state law.

■ This Court finds that the Debtor had no more than an expectation of inheriting property from his mother at the time of her death. His mother could have revoked her will at any time and disinherited both her son and her daughter. The execution of the codicil was within her prerogative as she had no duty to underwrite the creditors of her son's bankruptcy estate. The property that the Trustee asks this Court to determine to be property of the Debtor's bankruptcy estate belonged exclusively to Margaret Lee McGuire. Indeed, the Trustee recognized that his arsenal of avoiding powers under 11 U.S.C. §§ 544, 547, 548 and 549 were com-

---

**1.** Section 105 provides in relevant part the following:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

**2.** Section 8 provides in relevant part the following:

**Conditions which bar right to disclaim**
The right to disclaim an interest in property shall be barred by:—...
2. insolvency of the beneficiary at the time of attempted disclaimer....
Mass. Gen. Laws Ann. ch. 191A, § 8 (West 1990).

pletely ineffective to bring the property into the Debtor's estate because no transfer of an interest of the Debtor in property took place. Rather, the Debtor's mother chose to provide for the transfer of her property to someone other than the Debtor. The Trustee's reliance upon § 105 is unavailing because this Court finds that no federal policies are implicated by a non-debtor's decisions about the distribution of her property through a will.

In *Canter v. Commissioner of Public Welfare,* 423 Mass. 425, 668 N.E.2d 783 (1996), the court reviewed the Commonwealth's contention the plaintiff was ineligible for medical assistance because her husband amended his revocable trust to remove her as a contingent beneficiary. The court's analysis of the plaintiff's interest in a revocable trust, which her husband subsequently amended to delete her as a beneficiary, is pertinent to the facts of this case. The court summarized the Department of Public Welfare's argument as follows:

> The argument proceeds in four steps: First, the beneficiary of a contingent remainder in a revocable trust [or, by analogy, a contingent or expectant interest under a revocable will] has an "interest in an asset," ... Second, the husband's amendment of the trust instrument to substitute remainder interests in his son and other family members in place of his wife, constituted a transfer of the wife's interest ... third, this transfer, which was entirely gratuitous, was for less than fair market value. Therefore, Fourth, the full value of the trust assets at the time of this transfer is countable against the plaintiff for the purposes of calculating her period of ineligibility....

*Id.* at 429, 668 N.E.2d 783. In response to the argument, the court stated the following:

> The department's argument is deficient both in logic and practicality. It is true that the contingent remainderman's interest in a revocable trust is greater than that of the random stranger, as the first step posits.... That being so, the third step also has some plausibility because the interest was transferred for nothing. But it is a non sequitur then to argue, as the fourth step does, that the full value of that

interest must be taken to be the full value of the trust assets. On the contrary, even if we accepted all the prior steps, the value of the asset for purposes of the ineligibility calculation would have to be the full value of the corpus discounted to reflect the likelihood of the contingent interest finally vesting. And it is at this point that considerations of practicality begin to unravel the department's ingenious argument. For, of course, there is no practical way in which the discounted value of the interest may be calculated. And this, like the thirteenth chime of the clock, casts doubt backward on the second step by which the department posited that the change in contingent beneficiary constituted a transfer of an interest, and finally on the entire argument.... Although the department assures us that the change in designation of a beneficiary under a life insurance policy or by a codicil to a will (or by the writing of a will where none had existed, or by allowing the disinheriting provisions of a will written long before to remain in effect) "is not an issue in the present case," we are at a loss to see why the department's argument does not exactly fit those cases.

> \*   \*   \*   \*   \*   \*

> ... When this court has considered an interest analogous to the plaintiff's interest here, it has described it as a mere expectancy and gave it no legal force. See *Old Colony Trust Co. v. Clemons,* 332 Mass. 535, 539 [126 N.E.2d 193] (1955)(where settlor retains right to revoke, he intends that beneficiary's interest to vest until his death); *Commissioner of Corps. & Taxation v. Ayer,* 323 Mass. 579, 582–583 [83 N.E.2d 260] (1949) ("[U]ntil the death of the settlors [of revocable trusts] their respective beneficiaries had acquired nothing certain. Until then their ultimate enjoyment ... was doubtful, and there was no gift").

*Id.* at 430–31, 668 N.E.2d 783.

The Court finds that the analysis of the court in *Canter* highlights the deficiencies of the Trustee's complaint and Motion for Summary Judgment. While the Trustee makes much of the Debtor's interest as a contingent beneficiary under his mother's will prior to the execution of the codicil, that interest

essentially has had no value because the Debtor's mother retained her ability to revoke, and did in fact revoke, her gift to her son prior to her death. Section 105 cannot create interests where none exist.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby denies the Trustee's Motion for Summary Judgment and grants the Debtor's and the Defendant's Motions for Summary Judgment. Because this Court finds that the Trustee is not entitled to a declaratory judgment under Count I of his complaint, Count II of the Trustee's complaint, which seeks turnover, is moot. Accordingly the Court grants the Defendant's Motion to Dismiss.

## ORDER

In accordance with the Memorandum dated June 3, 1997, the Court hereby denies the Plaintiff's Motion for Summary Judgment and grants the Cross Motions for Summary Judgment filed by Defendants Robert W. McGuire and Margaret Ellen McGuire–Garcia. Because this Court finds that the Plaintiff is not entitled to a declaratory judgment under Count I of his complaint, Count II of the complaint, which seeks turnover, is moot. Accordingly the Court grants the Motion to Dismiss the complaint filed by Margaret Ellen McGuire–Garcia.